# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Union Security Insurance Company, | Civ. No. 08-5343 (JNE/JJK) |
| Plaintiff, | |
| v. | |
| Adrina Glinski; Alissa Englund, by and through next friend and parent Misty Englund; and Ashley Englund, by and through next friend and parent Misty Englund; | REPORT AND RECOMMENDATION |
| Defendants. | |

Sara Bottleson Turner, Esq., Baker Donelson Bearman Caldwell & Berkowitz, counsel for Plaintiff.

Adrina Glinski, 151 French Drive North, Hugo, MN 55038, *pro se* Defendant.

Alissa Englund, 1531 Roosevelt Avenue, Red Wing, MN 55066, *pro se* Defendant.

Ashley Englund, 1531 Roosevelt Avenue, Red Wing, MN 55066, *pro se* Defendant.

This matter is before this Court on Plaintiff's Motion for Summary Judgment (Doc. No. 13), and upon the agreement of Defendants that the disbursement from Plaintiff Union Security Insurance Company ("Union Security"), plus interest, shall be distributed equally among Adrina Glinski, Alissa Englund, and Ashley Englund. The case has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons stated below, this

Court recommends that Plaintiff's motion be granted, Defendants' agreement be accepted, and this case be dismissed.

Jason Glinski, husband of Defendant Adrina Glinski, and the father of Defendants Alissa and Ashley Englund (children from a previous marriage), was an employee of Styer Transportation Company ("Styer").  Union Security issued group life insurance policy number 4017286/0/1 ("the Policy"), which was an ERISA-regulated, employee-welfare-benefit plan, to Styer for the purpose of insuring the life-insurance benefits Styer provided to its eligible employees.  Jason Glinski was such an eligible employee.  Pursuant to the terms of the Policy, Union Security incurred the obligation to pay the sum of $10,000 in the event of Jason Glinski's death to the beneficiary identified by Jason Glinski on his beneficiary election form.  Jason Glinski designated Adrina Glinski as the sole beneficiary under the Policy.  On July 3, 2008, Jason Glinski died in a truck accident.

Following Jason Glinski's death, Union Security received claims for the amount under the Policy from both Adrina Glinski and his daughters Alissa and Ashley Englund.   Adrina Glinski asserts a claim to the amount under the Policy based on her being Jason Glinski's designated beneficiary at the time of his death.  Jason Glinski's daughters assert a claim to the amount under the Policy pursuant to the divorce decree entered into between Jason Glinski and their mother, Misty Englund, on or about August 27, 1997.  The divorce decree

requires that Jason Glinski name Alissa and Ashley Englund as beneficiaries on any life-insurance policy offered to him by his employer.

On October 2, 2008, Union Security filed a Complaint in Interpleader against Defendants Adrina Glinski, Alissa Englund, and Ashley Englund because it is in doubt as to which Defendant(s) are entitled to be paid the amount under the Policy. On that date, Union Security also filed a Motion to Deposit Funds. (Doc. No. 2.) Union Security has disavowed any interest in the amount under the Policy, and acknowledges that such amount should be paid according to the findings, conclusions, and instructions of this Court. On December 12, 2008, the Court granted Union Security's Motion to Deposit Funds, directing the Clerk of Court to deposit the funds in an interest-bearing account pending resolution of Defendants' claims (Doc. No. 10), and on December 16, 2008, Union Security tendered the sum of $10,166.60, which amounts to the total amount due under the Policy plus all accrued interest, to the Clerk of Court. (Doc. No. 11.)

On August 6, 2009, Union Security filed a Motion for Summary Judgment, requesting an order (1) granting it summary judgment; (2) discharging it of any further obligation to pay any benefits under the Policy to anyone; (3) dismissing it from this civil action with prejudice; and (4) enjoining Defendants from filing any action against Union Security for the payment of the amount due under the Policy. A hearing was held on the motion on October 19, 2009. None of the Defendants opposed Union Security's motion prior to the hearing, and at the

3

hearing, Defendants represented that they do not object to Union Security's dismissal from the case. Further, at the hearing, Defendants represented that they have come to an agreement regarding the disbursement from Union Security. Defendants agree that the disbursement, plus interest, shall be split into thirds and distributed evenly to Adrina Glinski, Alissa Englund, and Ashley Englund.

## RECOMMENDATION

Based on the files, records, and proceedings in this case, and on the fact that Union Security is a disinterested stakeholder and has no claim or interest in the life-insurance benefits in the amount of $10,000, plus any applicable interest, of the policy at issue, this Court recommends that:

1. Plaintiff's Motion for Summary Judgment (Doc. No. 13), be **GRANTED**;

2. Defendants be restrained and enjoined from instituting any action in any state or United States District Court against Union Security or the Policy; and

3. Union Security be dismissed with prejudice from this action, and be discharged from any further liability on payment of the above-mentioned Policy amount into the Registry of this Court.

Further, based on the agreement of Defendants Adrina Glinski, Alissa Englund, and Ashley Englund that the disbursement from Union Security, plus

interest, shall be split into thirds and distributed evenly to Adrina Glinski, Alissa Englund, and Ashley Englund, this Court recommends that the District Court issue an Order to Disburse Funds, ordering that:

1. The Clerk of Court be allowed to withdraw a 10% registry fee from the Court's registry account made payable to the Clerk of Court for the District of Minnesota pursuant to local rule 67.1;

2. The Clerk of Court make three separate checks payable to Adrina Glinski, Alissa Englund, and Ashley Englund, separately, each in the amount of one-third of $10,166.60, plus any and all interest earned while under the Court's supervision, minus the 10% registry fee referenced in paragraph 1, from the court's registry account;

3. The Clerk of Court be directed to mail the checks to their respective owners (i.e., Adrina Glinski, Alissa Englund, and Ashley Englund), overnight via Federal Express at the addresses provided on the Docket; and

4. The case be dismissed based on the agreement of the parties and the Clerk of Court close its file.

Date: October 19, 2009

                                        *s/Jeffrey J. Keyes*
                                        JEFFREY J. KEYES
                                        United States Magistrate Judge

Under Local Rule 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by

**November 2, 2009,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.